(No. 11535.—Cause transferred.)
FRANK T. MOLONEY, Trustee, Appellant, *vs.* JAMES L. FIGENBAUM *et al.* Appellees.

*Opinion filed October 23, 1917.*

APPEALS AND ERRORS—*a bill to foreclose mortgage does not involve freehold.* A bill to foreclose a mortgage on land and correct the description therein does not involve a freehold so as to give the Supreme Court jurisdiction of an appeal from a decree of the trial court dismissing the bill for want of equity.

APPEAL from the Circuit Court of Cumberland county; the Hon. WALTER BREWER, Judge, presiding.

BRYAN H. TIVNEN, for appellant.

LINDLEY, PENWELL & LINDLEY, (WALTER C. LINDLEY, of counsel,) for appellees.

Mr. JUSTICE FARMER delivered the opinion of the court:

Appellant, Frank T. Moloney, as trustee for the State National Bank of Mattoon, filed a bill to foreclose a mortgage on real estate executed by appellees James L. Figenbaum and his wife, Bertha Figenbaum. The Figenbaums owned an undivided one-half interest in the land and appellee Charles E. Lindley the other undivided one-half. Both tenants in common had executed a mortgage on the land to the Prudential Life Insurance Company, and the Figenbaums had executed a second mortgage on their interest in the land to Walter C. Lindley. Subsequent to these mortgages, and on November 2, 1915, the Figenbaums executed the mortgage here sought to be foreclosed to complainant in the bill, as trustee for the Mattoon bank, to secure a note for $950. Afterwards the Figenbaums conveyed their interest in the land in controversy to appellee Charles E. Lindley. The bill alleged that the description in the mortgage sought to be foreclosed contained a mutual mistake in giving the number of the township in which the land was located. The subdivisions and sections were properly described and numbered, but the mortgage described the land as in township 9 whereas the Figenbaums owned no land in that township but did own the subdivisions of the sections described and enumerated in the mortgage, located in township 10. The bill sought to correct the mistake, and alleged that appellee Charles E. Lindley purchased the interest of the Figenbaums with notice of the existence of complainant's mortgage and that his title was subject to said mortgage. Charles E. Lindley answered the bill, denying that when he purchased the interest of the Figenbaums he had any notice or knowledge of the existence of complainant's mortgage, and averred his title and interest were prior to the mortgage of complainant. The cause was

280 — 25

heard in open court by the chancellor and a decree entered in favor of appellee Charles E. Lindley, dismissing the bill for want of equity. Complainant has appealed direct to this court from that decree.

As no freehold is involved we are without jurisdiction to entertain the appeal. *McIntyre* v. *Yates,* 100 Ill. 475.

The cause is ordered transferred to the Appellate Court for the Third District.

*Cause transferred.*